Filed 12/28/23  In re R.W. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| In re R.W. et al., Persons Coming Under the Juvenile Court Law. | C098678 |
| GLENN COUNTY HEALTH AND HUMAN SERVICES AGENCY , <br><br> Plaintiff and Respondent, <br><br> v. <br><br> J.W., <br><br> Defendant and Appellant. | (Super. Ct. Nos. 23JP01067, 23JP01068, 23JP01069) |

Appellant J.W. (father), father of the minors, appeals from the juvenile court's dispositional orders.  (Welf. & Inst. Code, § 395.)[1]  Father contends the juvenile court and the Glenn County Health and Human Services Agency (Agency) failed to comply

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

1

with the requirements of the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.). The Agency concedes the error.

Because the juvenile court had yet to make a final ICWA finding with respect to these minors at the time of this appeal, and the ICWA inquiry is still ongoing in that court, we will dismiss the ICWA claim on appeal as premature and affirm the orders of the juvenile court from which this appeal was taken.

## BACKGROUND

A detailed recitation of the facts and non-ICWA related procedural history is unnecessary to our resolution of this appeal.

The Agency filed identical dependency petitions on behalf of each of the minors pursuant to section 300, subdivision (b), alleging the minors were at risk due to domestic violence in the home.[2] The Indian child inquiry forms (ICWA-010) attached to the petitions indicated ICWA inquiry of father and V.W. (mother) revealed the minors might either be members or eligible for membership in the Cherokee tribe in Oklahoma. The disposition report clarified that mother denied Indian ancestry, but father claimed possible Cherokee ancestry. The minors were detained and initially placed with a relative but were ultimately placed together in a foster home.

At the detention hearing on March 7, 2023, the Agency's counsel informed the court that the minors had possible Indian ancestry. The court ordered the minors detained, found there was a reason to believe the minors were Indian children, and ordered the Agency to conduct further inquiry and file any evidence with the court.

The March 30, 2023, jurisdiction report included father's completed parental notification of Indian status form (ICWA-020) stating his belief that he had Indian ancestry on the maternal side of his family. The report stated the Agency completed

---

[2] A second allegation was later stricken by the juvenile court.

2

ICWA notices (ICWA-030) utilizing information provided by father and the paternal aunt. However, there were no ICWA notices attached to the report.

The Agency's May 16, 2023, disposition report included the names of maternal and paternal relatives provided by the parents as possible placements for the minors. The report also included the names of father's seven siblings and their whereabouts, five of whom resided in California and with all of whom father maintained a relationship. Mother had also provided the Agency with the names and locations of the maternal grandparents and a maternal aunt, all of whom resided in California. The disposition report confirmed mother's denial of Indian heritage as to all three minors. The Agency reported that father completed additional ICWA-020 forms for two of the minors stating he believed he had Indian ancestry with the following tribes: Cherokee, Comanche, and Blackfoot, all located in Oklahoma. The forms were attached as exhibits to the disposition report.

At the May 18, 2023, jurisdiction and disposition hearing, the court sustained the petitions as modified, adjudged the minors dependents of the juvenile court, and ordered their continued out-of-home placement. The court inquired about the ICWA further, noting there was a possibility the minors or the parents might be affiliated with various tribes and asking whether the Agency had made any further ICWA inquiry. The Agency's counsel informed the court that the ICWA does or may apply stating, "It's possible all three children have Cherokee ancestry. We're serving notice to them and the Blackfoot and Comanche tribes on the paternal side. [¶] That's all I have." In that regard, the court found as follows: "The children may be Indian children and notice of the proceedings and the rights of the tribe to intervene was provided as required by law. [¶] The children are not old enough to ask if they are of Native American heritage. With that said, the social workers have asked [the paternal aunt] whether there is information indicating the children are Indian children, as well as the parents. The parties have been instructed to inform the Court if they receive any information indicating that the children

3

are Indian children." The court's written order stated the minors may be Indian children and "notice of the proceeding and the right of the tribe to intervene was provided as required by law. Proof of such notice was filed with this court."

Father filed a timely notice of appeal of the jurisdiction and disposition orders.

## DISCUSSION

Father contends the Agency's inquiry into the minors' possible Native American heritage was insufficient because the minors' paternal and maternal extended family members were not interviewed despite the fact that the Agency was aware of and in some cases had contact with various relatives. Father also contends the Agency failed to include in its reports evidence of the ICWA notices it claimed to have sent to various Indian tribes as well as what specific information was included in those notices. Finally, father contends the juvenile court erred when it found the Agency provided "notice of the proceedings and the rights of the tribe to intervene . . . as required by law."

The Agency concedes its further ICWA inquiry and documentation related thereto was inadequate and did not comply with the requirements of the ICWA and related California statues.

We agree that the Agency's ICWA efforts were inadequate and the juvenile court's interim ICWA finding was erroneous; however, as we explain, the ICWA claim on appeal is premature and accordingly must be dismissed.

"The juvenile court and the [Agency] have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)" (*In re G.A.* (2022) 81 Cal.App.5th 355, 360, review granted Oct. 12, 2022, S276056; see also *In re K.M.* (2009) 172 Cal.App.4th 115, 118-119.) "[I]f that initial inquiry creates a 'reason to believe' the child is an Indian child, then the Agency 'shall make further inquiry regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' " (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052, italics omitted.)

4

The Agency's inquiry, noticing, and documentation were inadequate. For example, father identified the names, ages, and general locations of his seven siblings, some of whom resided in California. Nothing in the record suggests the Agency contacted or inquired of any of those individuals about Indian ancestry. The Agency was also in contact with at least one maternal relative for the purpose of possible relative placement. Yet the record is devoid of any evidence of attempts by the Agency to make ICWA inquiry of any maternal relatives.

Given the conceded inadequacies by the Agency, the juvenile court erred in finding that notice of the proceedings had been provided as required by law. The court had a duty to ensure the Agency made further appropriate inquiries — which the Agency agrees it did not do — and then make findings based on the results of all inquiries, including the court's own. (See *In re A.M.* (2020) 47 Cal.App.5th 303, 319 ["ICWA and the corresponding provisions of California law impose an affirmative and continuing duty on the juvenile court to inquire whether the child is an Indian child"].)

However, while it is clear from the record that ICWA inquiry thus far was inadequate and documentation regarding inquiry and notice efforts nonexistent, and while the court made the interim finding that the Agency complied with notice requirements "as required by law," the court made no final ruling at or before the challenged hearing as to whether the ICWA applied. Thus, father's claim is premature. That is, any ICWA issues are not yet ripe for review. " 'Ripeness' refers to the requirements of a current controversy." (*City of Santa Monica v. Stewart* (2005) 126 Cal.App.4th 43, 59.) An issue is not ripe for review unless and until it is "sufficiently concrete to allow judicial resolution even in the absence of a precise factual context." (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170; see *id.* at pp. 170-172.)

Because the minors' dependency case is still ongoing, these and any other perceived deficiencies with ICWA inquiry and noticing can *and should* be brought to the juvenile court's attention and may be resolved during the normal course of the ongoing

5

dependency proceedings. (See *In re M.R.* (2017) 7 Cal.App.5th 886, 904 [ICWA claim was premature where no final ICWA ruling was made at dispositional hearing].) Indeed, " '[c]ounsel should not forget that they are officers of the court, and while it is their duty to protect and defend the interests of their clients, the obligation is equally imperative to aid the court in avoiding error and in determining the cause in accordance with justice and the established rules of practice.' " (*Williams v. Superior Court* (1996) 46 Cal.App.4th 320, 330.) If at any time, a parties' counsel becomes aware that the juvenile court has failed to make necessary findings or orders, or that the agency has failed to make adequate inquiry under the ICWA, it is the obligation of counsel to *promptly* bring such matters to the attention of the juvenile court.

### DISPOSITION

The sole claim alleging error under the ICWA is dismissed as premature. The orders of the juvenile court from which this appeal was taken are affirmed.


            /s/
            EARL, P. J.


We concur:


      /s/
KRAUSE, J.


      /s/
KEITHLEY, J.*

---

\*      Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6